

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,173-02

**EX PARTE GREGORY W. MCALLISTER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F11-55238-W IN THE 363RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to aggravated assault in exchange for seven years' deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to seven years' imprisonment. He did not appeal his adjudication.

Applicant contends that his adjudication counsel rendered ineffective assistance because counsel met with Applicant only one time, on the date of the adjudication. Applicant alleges that

counsel did not move for ten days to prepare for the adjudication hearing, and did not advise Applicant about available defenses to the allegations in the motion to adjudicate him guilty. Applicant alleges that adjudication counsel did not advise him of his right to a separate punishment hearing, or of his right to present evidence in mitigation of punishment. Applicant alleges that adjudication counsel simply advised him to enter an open plea of "true" to the allegations in the motion to adjudicate. Applicant alleges that his plea of "true" was not knowingly and voluntarily entered because it was based on adjudication counsel's erroneous advice.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order adjudication counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea of "true" was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 14, 2015
Do not publish